UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TIMOTHY LEROY STRAETEN, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09CV812 CDP |
| | ) | |
| DON ROPER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 516953), an inmate at Jefferson City Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $4.03. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the amended complaint,[1] the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

---

[1] Plaintiff filed an amended complaint on July 28, 2009. Accordingly, the amended complaint supersedes the original complaint and is subject to review pursuant to 28 U.S.C. § 1915.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $20.17, and an average monthly balance of $13.61. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $4.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court

must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 1951-52.

**The Amended Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Don Roper (Warden, Potosi Correctional Center); Kay Klein (Case Worker, PCC); Jerry Cortrette (Case Worker, PCC); Unknown Sanscraw (correctional officer, PCC); Sharon Gifford (Functional Unit Manager, PCC); Joe Arcand (correctional officer); Cy Pruett (Case Worker); Kevin Eckoff (correctional officer); Gregory Dunn (correctional officer); Morgen Warren (correctional officer); Leonard West (correctional officer); Harry Wilfong (correctional officer); Charles Gillam (correctional officer); Carolyn Webber (correctional officer); Michael Ford (inmate); Danny Vaughnn (inmate); Chris Winters (inmate); Michael Wilson (inmate); Bob Dennie (inmate); Richard Reed (inmate); Brad Corbett (inmate); Herbert Smulls (inmate); Ray Proctor (inmate); Gary Gregory (inmate); Drew Davis (inmate); Alexander Dixon (inmate); Cortez Collins (inmate); Victor Collins (inmate); Bradford Corbett (inmate); Michael Wirthington

(inmate); Lee LeMasters (inmate); Michael Lundy (Superintendent); Michael Layden (Functional Unit Manager); John Darrin (doctor); Daniel Alfaro (correctional officer); Unknown Brown (correctional officer); D. Hurt (correctional officer); Lindell Spain (correctional officer); Clifton Swyer (correctional officer); Brian Allen (Case Worker); and Linda Pinsberthy (nurse).

In his amended complaint, plaintiff alleges, in a conclusory fashion, that "I seen these defendants each one kick, stab and kill 18 individuals in Potosi Correctional Center...and me being placed in fear for my life maybe taken because the defendants made sure I seen them kill these individuals in the day room of 4-A and 2-A and in the hall of 1-B and 1-A." Plaintiff further states that "all the defendants did all the same acts except for Don Roper, Warden of Potosi Correctional Center and Case Worker Kay Kelin and offender Michael Ford. These three individuals gave the orders." Lastly, plaintiff asserts "and I was physically assaulted by these individuals numerous times from January 2, 2007 to January 2, 2008." This is the entirety of plaintiff's allegations against defendants.[2]

---

[2]Plaintiff's original complaint contained approximately eighteen (18) pages of allegations. However, when plaintiff motioned to amend his complaint, the Court reminded plaintiff that the amended complaint would supersede the prior complaint, and claims that were not realleged would be deemed abandoned.

Plaintiff seeks damages in the amounts of $832,945.00 and $831,724.05 for the purported constitutional violations.

**Discussion**

The complaint is silent as to whether defendants are being sued in their official or individual capacity. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir.1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, the complaint fails to state a claim upon which relief can be granted with respect to any and all defendant state actors.

Additionally, the Court notes that plaintiff's broad and conclusory allegations fail to state a claim against all defendants. Namely, plaintiff has failed to allege that any of the defendants, save defendants Ford, Roper and Klein, were personally involved in or directly responsible for any of the alleged actions. See, e.g., Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a

causal link to, and direct responsibility for, the alleged deprivation of rights."); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). Moreover, plaintiff's conclusory allegations that (1) all of the defendants killed eighteen (18) individuals under orders from Warden Roper, Case Worker Klein and Offender Ford and (2) that he was physically assaulted by all these defendants numerous times over a one year period lack facts that would give rise to a plausible claim for relief. For all of the aforementioned reasons, plaintiff's claims fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $4.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the amended complaint because the amended complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th Day of August, 2009.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE